Julio ANDINO, Plaintiff—Appellant,

v.

TAMARACK STEAKHOUSE AND SA-LOON, an Oregon LLC; Joseph Callahan, Defendants—Appellees,

v.

Jay Curtis Reese, Third-party-defendant—Appellee.

No. 03–35106.

United States Court of Appeals, Ninth Circuit.

Argued May 7, 2004.

Submitted May 19, 2005.

Decided May 19, 2005.

Timothy J. Helfrich, Esq., Yturri Rose LLP, Ontario, OR, for Plaintiff–Appellant.

Barton J. Wachsteter, Bullivant Houser Bailey, P.C., Portland, OR, for Defendants–Appellees.

Jay Curtis Reese, SID # 10904391, TRCI—Two Rivers Correctional Institution, Umatilla, OR, pro se.

R. Daniel Lindahl, Esq., Bullivant Houser Bailey, PC, Portland, OR, for Defendants-Appellees and Third–Party–Defendant–Appellee.

Before: SILVERMAN and CLIFTON, Circuit Judges, and ZAPATA,* District Judge.

MEMORANDUM **

Plaintiff Julio Andino was shot in the face during an altercation with another

---

* The Honorable Frank R. Zapata, United States District Judge for the District of Arizona, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

patron at Defendant Tamarack Steakhouse and Saloon. Andino sued Tamarack for negligently failing to protect him. Tamarack named the shooter, Jay Curtis Reese, as third-party defendant. After trial, the jury returned a verdict in favor of Andino and, as instructed by the verdict form, apportioned fault among the parties according to their respective degrees of culpability. Specifically, the jury found Andino 1% at fault, Reese 95% at fault and Tamarack 4% at fault. Over Andino's objection, the district court entered judgment accordingly, limiting the award against Tamarack to 4% of the total damages.

On appeal, Andino challenged the apportionment of fault among the parties. Andino maintained that Oregon Revised Statutes § 18.470, renumbered as § 31.600, did not allow apportionment of the separate fault of intentional tortfeasors. We deferred submission of the case pending a decision in *Shin v. Sunriver Preparatory School*, No. A114805, which was then on appeal to the Oregon Court of Appeals.

On April 27, 2005, the state court resolved *Shin* by published opinion. *Shin v. Sunriver Preparatory Sch., Inc.*, 199 Or. App. 352, 111 P.3d 762 (2005). The court held that apportionment of liability between negligent and intentional tortfeasors is not permitted under section 31.600. *Id.* at 376, 111 P.3d at 775.

This is a matter of Oregon law. *See, e.g., Snead v. Metro. Prop. & Cas. Ins. Co.*, 237 F.3d 1080, 1090 (9th Cir.2001) (observing that federal courts apply state substantive law in diversity actions). According to *Shin*, Oregon law provides that a court cannot apportion fault between negligent and intentional tortfeasors. Accordingly,

the district court erred in apportioning fault between Reese and Tamarack. We vacate the judgment and remand with instructions to enter judgment in favor of Andino and against Tamarack for 99% of the damages found by the jury.

VACATED AND REMANDED.